COMMONWEALTH *vs.* EDWARD C. McHUGH. No. 95-P-596. August 22, 1996. *Search and Seizure*, Automobile, Threshold police inquiry. *Constitutional Law*, Search and seizure.

After the defendant waived his right to a jury trial and agreed to a statement of facts, a District Court judge found him guilty of operating under the influence of liquor, in violation of G. L. c. 90, § 24, of giving a false name to a police officer, in violation of G. L. c. 90, § 25, and of operating a motor vehicle without a license, in violation of G. L. c. 90, § 10. Prior to the hearing, the defendant filed a motion to dismiss claiming that his rights under the Fourth Amendment to the United States Constitution and art. 14 of the Massachusetts Declaration of Rights were violated as he had been stopped and seized.[1] The motion was denied. The defendant appeals from this denial.

The facts as found by the judge after the motion to dismiss are as follows: "The [police] officer observed the defendant's motor vehicle stopped in the traffic lane of a highway.[2] The officer could discern no apparent reason for the vehicle being stopped. The officer approached the defendant's vehicle and stopped so that both drivers were opposite each other." This contact was pursuant to a police department regulation that required offic-

---

[1]The defendant's argument before this court as to art. 14 is contained in a footnote and does not rise to the level of appellate argument. Mass.R.A.P. 16(a)(4), 367 Mass. 921 (1975). *Commonwealth* v. *Lydon*, 413 Mass. 309, 317-318 (1992).

[2]Evidence, including photographs of the area, indicates that the defendant was stopped in front of a post office on a road just off the highway.

ers to check on vehicles stopped on or alongside a road. "The officer asked if he could be of any assistance and the defendant replied but his words were unintelligible to the officer who repeated the question and still could not understand the defendant. In addition, the officer observed that the defendant was gazing off to the side. At all times, the officer was seated in his cruiser and in no way was preventing the defendant from leaving. The unintelligible speaking of the defendant and his strange gaze prompted the officer to [leave] his cruiser and speak to the defendant from a closer position where he observed further indicia of intoxication which led to the defendant's arrest and this charge."

The judge ruled that by pulling alongside the defendant's car, the officer did not make an investigatory stop or search.[3] There was no error.

The defendant argues that the officer's driving up to the driver's side of his car and inquiring if there was a problem amounted to an investigatory stop or seizure. The officer's conduct here did not constitute a "stop" or a "seizure." The defendant's car was already stopped in the middle of a road at 2 A.M. Contrast *Commonwealth* v. *Canavan*, 40 Mass. App. Ct. 642, 643 (1996). The defendant claims that because the officer's car approached his car from the opposite direction he did not feel free to leave. "The mere fact that the defendant felt intimidated does not make the trooper's actions a stop . . . or a seizure." *Commonwealth* v. *Doulette*, 414 Mass. 653, 655 (1993).

"Obviously, not all personal intercourse between policemen and citizens involves 'seizures' of persons. Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred." *Commonwealth* v. *Leonard*, 422 Mass. 504, 508 (1996), quoting from *Terry* v. *Ohio*, 392 U.S. 1, 19 n.16 (1968). Here, the officer took no action to prevent the defendant from leaving. He did not block the defendant's car with his cruiser. Contrast *Commonwealth* v. *King*, 389 Mass. 233, 241 (1983) (seizure when officer repositioned his cruiser to block the defendant's car in place); *Commonwealth* v. *Helme*, 399 Mass. 298, 299 (1987) (investigatory stop where officer parked police cruiser so as to block the defendant's car). Nor did he open the door of the defendant's car. Contrast *Commonwealth* v. *Tompert*, 27 Mass. App. Ct. 804, 805-806 (1989) (officer's conduct constituted a stop when he opened door of defendant's car and ordered occupants not to move). "[T]here was no blocking of [the defendant's] way, no show of force, in short nothing inconsistent with a routine inquiry requiring no justification in a court." *Commonwealth* v. *Leonard*, 422 Mass. at 508.

The order denying the motion to dismiss is affirmed.

*So ordered.*

---

[3]"I further find that this officer had no intention of making an investigatory stop and in no way displayed any show of authority in his conduct that would intimidate the defendant and convey the thought that he was not free to leave. The officer was merely providing a service to a member of the public and was not in the process of investigating suspected or potential crime activity."

"I find that the conduct of the officer was at all times proper and did not constitute a stop and search."

*Brian J. Wall* for the defendant.

*Julia K. Holler,* Assistant District Attorney, for the Commonwealth.